IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00275-WYD-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES E. CARLSON, individually, and in his official capacity
as General Partner of Front Range Royalties, Limited, and as
real party in interest for Frontenac Mining Limited,
FRONT RANGE ROYALTIES, LIMITED, a Colorado Limited Partnership, and
FRONTENAC MINING LIMITED, a Colorado Limited Partnership,

    Defendants.

_____

### ORDER[1] ON UNITED STATES' MOTION
### TO STRIKE JURY TRIAL DEMAND

_____

    Before the Court is Plaintiff's Motion to Strike Jury Trial Demand [Docket #33]. The matter is briefed and has been referred to this Court [Docket #35]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Strike Jury Trial Demand.

**I.    Facts**

    Plaintiff United States instituted this action against Defendants on behalf of the Environmental

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge may resolve non-dispositive matters. Because consideration of a party's right to a jury trial is not dispositive of a claim or a defense of a party, an Order by the Magistrate Judge, subject to appeal under the clear error standard of Fed. R. Civ. P. 72(a), is appropriate, rather than a Recommendation pursuant to Fed. R. Civ. P. 72(b). *E.g.*, *United Steelworkers of Am. v. New Jersey Zinc Co.*, 828 F.2d 1001, 1008 (3d Cir. 1987) (holding that Magistrate Judge's Order on Motion to Strike Jury Demand was subject to the appeal requirements of Section 636(b)(1)(A)); *Lawrence v. Hanson*, 197 F. Supp. 2d 533, 536 (W.D. Va. 2002) (finding that right to jury trial is not a dispositive issue); *Smith v. Dickinson Operating Co.*, No. 89-4216, 1991 U.S. Dist. LEXIS 7950 (D. Kan. May 29, 1991) (same).

Protection Agency to seek recovery of costs incurred by the United States in connection with the Druid Mine and OU 4 of the Site, a mine owned and operated by Defendants. Plaintiff asserts claims against Defendants under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), codified at 42 U.S.C. § 9607. Defendant Charles Carlson, appearing *pro se*, filed an Answer to the Complaint and asserted the affirmative defenses available under Section 107 of CERCLA, as well as various equitable defenses. Defendant also filed a Demand for Jury Trial along with his Answer, seeking a trial by jury on all claims and seeking contribution from certain third parties. On July 11, 2006, a Scheduling Conference was held, and matters such as Defendant Carlson's demand for a jury trial and an amended answer with potential counterclaims were addressed. The instant motion followed.

Plaintiff seeks to strike Defendant Carlson's demand for a jury trial because Plaintiff argues that Defendant has no statutory right to a jury trial, and this is not a legal claim for which the Seventh Amendment provides a right to a jury trial. Instead, Plaintiff contends that claims under CERCLA are equitable in nature, and Defendant Carlson's request for contribution of third parties also sounds in equity. In response, Defendant Carlson argues that he intends to assert counterclaims against the United States, including a civil rights violation under 42 U.S.C. § 1983, for which a right to jury trial exists. Defendant Carlson also requests that the Court not consider this issue until he has filed his Amended Answer and Counterclaim.

**II.     Discussion**

A party is entitled to a jury trial if the statute under which Plaintiff institutes a cause of action "created legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194 (1973). Conversely, "those actions that are analogous

to 18th-century cases tried in courts of equity or admiralty do not require a jury trial." *Tull v. United States*, 481 U.S. 412, 417 (1987) (citation omitted).

In the present case, Plaintiff seeks monies it has expended or will expend in responding to releases or threatened releases of hazardous substances from the Druid Mine. Complaint ¶ 1. Recovery of funds is not a legal cause of action. Rather, "[t]his is a restitution remedy designed to restore the status quo and return what rightfully belongs to a party. Such a remedy is under the jurisdiction of a court of equity." *United States v. Argent Corp.*, No. 83-523, 1983 U.S. Dist. LEXIS 10614 (D.N.M. Dec. 20, 1983) (Baldock, J.) (finding no right to jury trial in CERCLA action). Accordingly, Defendant has no right to a jury trial under CERCLA.

Defendant contends that his Proposed Amended Answer and Counterclaim, containing allegations of civil conspiracy, defamation, slander, and constitutional violations, entitles him to a jury trial. Without ruling on Defendant's right to a jury trial on these counterclaims, the Court finds that even counterclaims that entitle Defendant to a jury trial will not change his ability to try other equitable claims to a jury. For example, Defendant has no right to a jury trial on any affirmative defenses that could be raised in a CERCLA action. *E.g.*, *Hatco Corp. v. W.R. Grace & Co.*, 59 F.3d 400, 411 n.8 (3d Cir. 1995) (finding no right to jury trial under CERCLA on an affirmative defense because "[i]t is not a separate claim"). As such, the Court concludes that Defendant's demand for a jury trial on Plaintiff's claims and Defendant's affirmative defenses should be stricken.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Strike Jury Trial Demand [Filed July 18, 2006; Docket #33] is **granted**. Defendant's demand for jury trial on Plaintiff's claims is hereby **stricken**.

Dated at Denver, Colorado, this 6th day of October, 2006.

                                                  BY THE COURT:

                                                  s/ Michael E. Hegarty
                                                  Michael E. Hegarty
                                                  United States Magistrate Judge