IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00275-WYD-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES E. CARLSON, individually, and in his official capacity
as General Partner of Front Range Royalties, Limited, and as
real party in interest for Frontenac Mining Limited,
FRONT RANGE ROYALTIES, LIMITED, a Colorado Limited Partnership, and
FRONTENAC MINING LIMITED, a Colorado Limited Partnership,

    Defendants.

## REPORT AND RECOMMENDATION ON MOTION TO VACATE
## ENTRY OF DEFAULT AND MOTION TO AMEND ANSWER

Before the Court are Defendant Carlson's Motion to Vacate Default Entered by the Clerk of the Court [Docket #38] and Motion to Amend Answer [Docket #54]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** these motions **without prejudice** and **stay** all discovery deadlines pending the submission of the parties' Consent Decree.

Plaintiff United States instituted this action against Defendants on behalf of the Environmental Protection Agency to seek recovery of costs incurred by the United States in connection with the Druid Mine and OU 4 of the Site, a mine owned and operated by Defendants. Plaintiff asserts claims against Defendants under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), codified at 42 U.S.C. § 9607.

Defendant Charles Carlson, appearing *pro se*, is the general partner of both Defendant partnerships. His instant motions seek to vacate the default judgment entered against the Defendant partnerships and to amend his answer to assert counterclaims and to add third party defendants.

This Court has held settlement conference in this case on three occasions: October 26, 2006, January 31, 2007, and February 13, 2007. The first settlement conference resulted in a partial settlement, in which Plaintiff and Defendant Carlson agreed to exchange certain information and focus their efforts on settlement. The parties also agreed to stay the briefing on Defendant Carlson's Motion to Amend Answer, and this Court has not issued a recommendation on Defendant Carlson's Motion to Vacate Default so that the parties could remain focused on settlement.

At the last settlement conference, the parties reached an agreement on a Consent Decree. The parties have not yet executed the Decree, but are working on the final language. Because this action involves the United States right to recovery costs, however, a thirty day public comment and objection period must be completed before this case can ultimately be resolved with the Consent Decree. As such, the Court recommends that the remaining discovery deadlines in this case be stayed pending the submission of the parties' Consent Decree. Based on the foregoing, the Court further recommends that Defendant Carlson's Motions be denied without prejudice, which will allow Defendant to re-file these motions in the unlikely event that this case continues.

Accordingly, the Court RECOMMENDS that Defendant's Objection to Entry of Default Against Limited Partnerships and Motion to Vacate Default Entered by the Clerk of the Court [<u>Filed July 28, 2006; Docket #38</u>] be **denied without prejudice**; that Defendant's Motion for Leave to Amended Answer for Purpose of Clarity, Cross-claims, and to Name Third Party Defendants, and grant Time for a Further Corrective Amended [<u>Filed September 22, 2006; Docket #54</u>] be **denied**

**without prejudice**; and that all remaining discovery deadlines be **stayed** pending the submission of the parties' Consent Decree. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 14th day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).